1

2

3

4

5

6

7

8      **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     FRANK ARTHUR CRAWSHAW, JR.,          No. 2:13-CV-1349-CMK-P

12                 Petitioner,

13           vs.                              <u>ORDER</u>

14     CALIFORNIA,

15                 Respondent.

16     _____/

17           Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18     habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this

19     case is before the undersigned as the presiding judge for all purposes, including entry of final

20     judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending before the court is respondent's unopposed motion

21     to dismiss (Doc. 23).

22           This action currently proceeds on the amended petition, filed on August 11, 2014.

23     Petitioner asserts two claims based on insufficient evidence, as well as a claim for ineffective

24     assistance of trial counsel.  As respondent accurately notes, while petitioner has presented his

25     claims of insufficient evidence to the California Supreme Court, petitioner never raised his

26     ineffective assistance of counsel claim in state court.  Respondent argues that the amended

1   petition is, therefore, "mixed" and must be dismissed.

2           Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

3   before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy,

4   455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

5   Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of

6   exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement

7   in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of

8   the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

9   court no state remedies are available to the petitioner and the petitioner has not deliberately

10  by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations

11  omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to

12  give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard

13  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

14          When faced with petitions containing both exhausted and unexhausted claim

15  (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to

16  give two specific warnings to pro se petitioners: (1) the court  could only consider a stay-and-

17  abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the

18  unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he

19  opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th

20  Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the district court is not

21  required to give these particular warnings. See 542 U.S. 225, 234 (2004).[1] Furthermore, the

22   district court is not required to sua sponte consider stay and abeyance in the absence of a request

23

24          [1]     The Supreme Court did not address the propriety of Ninth Circuit's three-step
stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original
petition, stay of the remaining claims pending exhaustion, and amendment of the original petition
25  to add newly exhausted claims that then relate back to the original petition. See Pliler, 542 U.S.
at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir.
26  1998)).

1  from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the

2  petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066,

3  1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district

4  court should dismiss mixed petitions and need not provide any specific warnings before doing so.

5  See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the

6  "choice of returning to state court to exhaust his claims or of amending or resubmitting the

7  habeas petition to present only exhausted claims to the district court")).

8          Because petitioner has not filed a stay-and-abeyance motion, or any response

9  whatsoever to respondent's motion, the court agrees with respondent that the current amended

10  petition must be dismissed.

11          Accordingly, IT IS HEREBY ORDERED that:

12      1.    Respondent's unopposed motion to dismiss (Doc. 23) is granted;

13      2.    The amended petition is dismissed;

14      3.    Petitioner shall file a second amended petition containing only exhausted

15  claims within 30 days of the date of this order; and

16      4.    If petitioner fails to comply, the entire action will be dismissed and the

17  case will be closed.

18

19  DATED:  July 16, 2015

20

21  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

3