IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ARTHUR CRAWSHAW, JR., | No. 2:13-CV-1349-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| CALIFORNIA, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).

On July 17, 2015, the court granted respondent's unopposed motion to dismiss. The court stated:

> This action currently proceeds on the amended petition, filed on August 11, 2014.  Petitioner asserts two claims based on insufficient evidence, as well as a claim for ineffective assistance of trial counsel.  As respondent accurately notes, while petitioner has presented his claims of insufficient evidence to the California Supreme Court, petitioner never raised his ineffective assistance of counsel claim in state court.  Respondent argues that the amended petition is, therefore, "mixed"

1

and must be dismissed.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings. See 542 U.S. 225, 234 (2004) (footnote omitted). Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

Because petitioner has not filed a stay-and-abeyance motion, or any response whatsoever to respondent's motion, the court agrees with respondent that the current amended petition must be dismissed.

Petitioner was directed to file an amended petition containing only exhausted claims within 30 days and warned that failure to do so would result in dismissal of the entire action for the reasons outlined above.

/ / /

Instead of filing a petition containing only exhausted claims, petitioner now for the first time seeks a stay-and-abeyance order to allow him to return to state court. Setting aside for the moment the untimeliness of petitioner's request, the court finds that it lacks merit. Under Rhines v. Weber, 544 U.S. 269 (2005), as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. at 277. Here, other than stating "I did not know that these issues needed to be addressed in the state courts first," petitioner has made no showing of good cause, and petitioner's ignorance of the law is insufficient. Because petitioner has failed to file an amended petition containing only exhausted claims, and because the court finds that a stay-and-abeyance order is not warranted, the action will be dismissed.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons set forth above, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed;

2. Petitioner's motion for a stay-and-abeyance order (Doc. 26) is denied;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 17, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE